P SEND

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 07–5936 PA (Ex) | Date | January 14, 2008 |
|---|---|---|---|
| Title | Rahamim Israel v. Simmons Bedding Co. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| C. Kevin Reddick | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: None    Attorneys Present for Defendants: None

**Proceedings:**    IN CHAMBERS—ORDER TO SHOW CAUSE

Plaintiff filed this putative class action on behalf of himself and a class of similarly situated individuals. The original Complaint, which asserted claims under state law, was filed on September 12, 2007, and served on September 17, 2007. (Docket No. 1.) The Court sua sponte dismissed the Complaint with leave to amend on September 21, 2007 because Plaintiff had failed to adequately allege this Court's subject matter jurisdiction. Plaintiff then filed a First Amended Complaint on September 28, 2007. (Docket No. 9.) After Defendant filed a motion to dismiss, Plaintiff filed a Second Amended Complaint on November 7, 2007. (Docket No. 13.) In each of the Complaints, Plaintiff asserts jurisdiction on the basis of diversity of citizenship pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2).

Local Rule 23-3 provides that "[w]ithin 90 days after service of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995 . . . the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court." "'Local rules are 'laws of the United States,'' and 'valid if . . . 'not inconsistent' with the Federal Rules of Civil Procedure.'" United States v. Comprehensive Drug Testing, Inc., 473 F.3d 915, 927 (9th Cir. 2006) (internal quotations omitted) (quoting Marshall v. Gates, 44 F.3d 722, 724 (9th Cir. 1995)).

As of this date, Plaintiff has not filed a motion for class certification despite the fact that the original Complaint, which purported to commence a class action, was served more than ninety days ago. Nor has Plaintiff sought leave of the Court for an extension of time to file a motion for class certification. Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing why Plaintiff's class action allegations should not be stricken for failure to timely file a motion for class certification. Plaintiff shall further show whether there remains any basis for this Court's jurisdiction if Plaintiff's case cannot be sustained as a class action.

Plaintiff is ordered to respond to this Order to Show Cause by January 28, 2008. The Scheduling Conference in this matter, previously scheduled for January 14, 2008, is continued to February 4, 2008, at 10:30 a.m.

IT IS SO ORDERED